[Cite as *State v. Jones*, 2021-Ohio-2457.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                     CASE NO. 5-20-34

    v.

TOMMY E. JONES,                         O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2020 CR 22

**Judgment Affirmed**

**Date of Decision: July 19, 2021**

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Phillip A. Riegle* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Tommy E. Jones ("Jones"), appeals the October 28, 2020 judgment entry of sentence of the Hancock County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} The genesis of this case stems from a January 12, 2020 traffic stop involving Jones wherein a free-air sniff by a K9 unit resulted in the discovery of two Oxycodone pills found in a plastic baggie concealed under a hat in the rear passenger seat of Jones's car. (Sept. 1, 2020 Tr. at 44, 52-54, 65, 68-69, Doc. No. 78).

{¶3} Jones was indicted on March 17 2020 by the Hancock County Grand Jury for one count of aggravated possession of drugs (Oxycodone) in violation of R.C. 2925.11(A), a fifth-degree felony.[1] (Doc. No. 3). On March 25, 2020, Jones was arraigned and entered a plea of not guilty. (Doc. No. 6).

{¶4} Jones's case proceeded to a jury trial on August 31, 2020 wherein he was found guilty of the single count in the indictment.[2] (Doc. Nos. 44, 50); (Sept. 1, 2020 Tr. at 257-261, Doc. No. 78). (*See* Oct. 21, 2020 Tr. at 2-3, Doc. No. 79). On October 21, 2020, the trial court sentenced Jones to five years' community control sanctions with the reservation of an 11-month prison term. (Oct. 21, 2020

---

[1] Jones was later indicted in a companion case, the record for which is not before this court. (Aug. 28, 2020 Tr. at 2, Doc. No. 76); (Doc. Nos. 15, 30). (*See*. Oct. 21, 2020 Tr. at 2-3, 20-23, Doc. No. 79).
[2] The parties agreed to defer sentencing until a later date and thereafter, the trial court ordered the preparation of a presentence-investigation report. (Sept. 1, 2020 Tr. at 262, Doc. No. 78).

Tr. at 18-23, Doc. No. 79); (Doc. No. 51). The trial court's judgment entry was filed stamped on October 28, 2020 and journalized on October 29, 2020. (Doc. Nos. 51, 52).

{¶5} Jones filed his notice of appeal on November 20, 2020 and raises one assignment of error for our review. (Doc. No. 62).

## Assignment of Error

**Appellant's conviction for aggravated drug possession was not supported by the weight of the evidence.**

{¶6} In his sole assignment of error, Jones argues that his conviction is against the manifest weight of the evidence. In particular, Jones contends that the testimony of Robert Myers ("Myers"), Jones's roommate and friend, weighed heavily against an aggravated-possession-of-drugs conviction, and thus resulted in a manifest miscarriage of justice. (Appellant's Brief at 8).

*Standard of Review*

{¶7} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, *superseded by statute on other grounds*, *State v. Smith*, 80 Ohio St.3d 89,

quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Analysis*

**{¶8}** Here, Jones argues that the jury should have determined Myers to be a credible witness as to how the pills arrived at their location in Jones's vehicle. Specifically, Jones contends that Myers's testimony established that he was helping Myers dispose of outdated and unused Oxycodone, rather than, possessing it. "'Although we review credibility when considering the manifest weight of the evidence, the credibility of witnesses is primarily a determination for the trier of fact'." *State v. Gideon*, 3d Dist. Allen Nos. 1-18-27, 1-18-28, and 1-18-29, 2021-Ohio-1863, ¶ 44, quoting *State v. Banks*, 8th Dist. Cuyahoga No. 96535, 2011-Ohio-5671, ¶ 13, citing *DeHass*, 10 Ohio St.2d 230, at paragraph one of the syllabus. "'The trier of fact is best able "to view the witnesses and observe their demeanor, gestures[,] and voice inflections, and use these observations in weighing the

credibility of the proffered testimony."'" *Id.*, quoting *Banks* at ¶ 13, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24, *citing Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81 (1984).

{¶9} The evidence at trial revealed that a law enforcement officer in Hancock County observed Jones (with whom he was familiar) in his vehicle parked outside of a residence where the officer was attempting to serve an arrest warrant on another individual. (Sept. 1, 2020 Tr. at 59, 61, Doc. No. 78). After Jones drove from the residence, he was stopped by law enforcement for a minor traffic offense. (*Id.* at 59-60). Jones (the sole occupant of the vehicle) explained to the officer that he was dropping someone off at the residence, but was not able to recall the name of the person. (*Id.* at 43, 63-64). As a result of his responses to the questions posed by the officer, his presence in a high-crime area, and his initial refusal to answer whether he had illegal drugs in the vehicle, the officer requested a K9 unit.[3] (*Id.* at 65). Once the K9 unit arrived at the scene, the K9 indicated the presence of narcotics in the vehicle. (*Id.* at 44, 53, 66-67). A search of the vehicle yielded two Oxycodone pills in small plastic bag found under a hat in the rear-passenger seat, a prescription bottle containing pills (for Myers) in the vehicle's console, and a large fixed-blade knife.[4] (*Id.* at 46, 49, 50, 52-53, 68-69, 101, 103, 110-112, 186-187). (*See* State's Ex. 1);

---

[3] At the time of the traffic stop, Jones admitted to having a small knife in his pocket, which he placed on the front-passenger seat. (Sept. 1, 2020 Tr. at 66).

[4] Jones was not charged in relation to the pills contained in Myer's prescription bottle.

(Aug. 31, 2020 Tr. at 14-15, Doc. No. 77). When questioned by an officer later after his arrest for carrying a concealed weapon, Jones stated that he believed the pills belonged to his roommate Myers who may have dropped them in his vehicle when he had been in his vehicle multiple times in the past.[5] (Sept. 1, 2020 Tr. at 67, 74-75, Doc. No. 78). Upon further inquiry, Jones admitted that he knew the pills were Percocet's, which is the brand name for Oxycodone. (*Id.* at 76-77). Jones told the officer that he thought it was okay to transport the pills and did not understand it was a crime. (*Id.* at 78). Myers arrived at the jail shortly after Jones was placed in custody. (*Id.* at 79, 88-89).

{¶10} Notably, Myers gave several different explanations (at trial) for how his outdated, unused prescription medications *may* have ended up in Jones's motor vehicle. (*Id.* at 135-138, 185-186). Myers conceded (on cross-examination) that he could not be sure that the drugs found in Jones's vehicle were his prescription medications nor was he able to identify whether the pills (found in Jones's vehicle) matched his prescribed dosages.[6] (*Id.* at 160-162). Importantly, Myers testified that the pills in question were packaged differently than when in his possession, and that the plastic bag in which the pills were discovered contained numbers written in

---

[5] Jones was mirandized at the time of his arrest for carrying a concealed weapon. (Sept. 1, 2020 Tr. at 74-75, Doc. No. 78). And, he was later mirandized a second time upon arrival at the police station. (*Id.*).

[6] Myers testified he could not recognize his prescription medications unless he could reference the bottle, which according to his earlier testimony, he previously discarded, subsequently placing the pills in "a snack bag" and then in a box with drawers on his computer desk. (*Id.* at 156-161).

someone else's handwriting. (*Id.* at 186-189). Myers testified that he placed the pills in "a snack bag", which is a smaller-sized plastic bag than the plastic bag located in Jones's vehicle and later admitted into evidence. (*Id.* at 157, 186). Furthermore, Myer's testified (in response to a juror question) that the hat that concealed the Oxycodone pills did not belong to him. (*Id.* at 187). We cannot second guess the jury's credibility determination of Myers because it is unclear from the record *if* the jury found Myers to lack credibility (in the first instance) given his testimony. *See State v. Sheldon*, 3d Dist. Hardin No. 6-18-07, 2019-Ohio-4123, ¶ 45. Moreover, it is within the province of the jury to determine whether or not Myers was credible and nothing in the record established such determination created a manifest injustice.

{¶11} After reviewing the entire record, we cannot conclude that the jury herein lost its way and created such a manifest miscarriage of justice in its witness-credibility determination regarding Myers that we are required to reverse Jones's aggravated-possession-of-drugs conviction and order a new trial.

{¶12} Accordingly, Jones's sole assignment of error is overruled.

{¶13} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

Case No. 5-20-34

**/jlr**